UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ALLIANCE FOR GOOD GOVERNMENT**<br>         **Plaintiff**<br><br>**v.**<br><br>**COALITION FOR BETTER GOVERNMENT**<br>         **Defendant** | **CASE ACTION NO.:**<br><br>**DIVISION " "**<br>**JUDGE**<br><br>**SECTION " "**<br>**MAGISTRATE JUDGE** |

### COMPLAINT FOR TRADEMARK INFRINGEMENT, TRADEMARK COUNTERFEITING, TRADEMARK DILUTION, UNFAIR COMPETITION, AND LOUISIANA STATE CAUSES OF ACTION

Plaintiff Alliance for Good Government submits this Complaint against Defendant Coalition for Better Government.

### PARTIES

1.     Alliance for Good Government ("Alliance") is a Louisiana non-profit corporation with its principal place of business in New Orleans, Louisiana.

2.     Alliance is the owner of two United States Trademark Registrations, including the standard character mark ALLIANCE FOR GOOD GOVERNMENT (U.S. Reg. No. 4,330,957) and the composite mark ALLIANCE FOR GOOD GOVERNMENT SINCE 1967 (U.S. Reg. No. 4,349,156).  These registered marks will be referred to collectively in this Complaint as the "ALLIANCE MARKS." Copies of these registrations are attached as Exhibit 1.

3.     Defendant Coalition for Better Government is a Louisiana non-profit corporation with its principal place of business in New Orleans, Louisiana.

4.     Alliance and Coalition are both political organizations that endorse candidates for public offices.

## JURISDICTION AND VENUE

5. This is an action for federal trademark infringement, trademark counterfeiting, trademark dilution, unfair competition, and false designation of origin, under the Lanham Act, 15 U.S.C. § 1051 et seq., injury to business reputation and trademark dilution, under LA. REV. STAT. § 51:223.1, unfair trade practices, under LA. REV. STAT. § 51:1401 et seq., including unfair competition, and unfair or deceptive acts or practices in the conduct of trade and commerce, under LA. REV. STAT. § 51:1405(A).

6. This Court has jurisdiction over this action, under 15 U.S.C. § 1121(a) and 28 U.S.C. § 1331 (actions arising under the Lanham Act); 28 U.S.C. §§ 1338(a) and (b) (acts of Congress relating to trademarks, and unfair competition claims joined therewith); and, 28 U.S.C. §1367(a) (supplemental jurisdiction over related actions arising under state law).

7. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c).

## PLAINTIFF'S ALLIANCE MARKS

8. Alliance is an organization of concerned citizens that holds forums to endorse candidates for public offices and advertises and campaigns for endorsed candidates.

9. Since 1967, Alliance has continuously used the ALLIANCE FOR GOOD GOVERNMENT mark in interstate commerce in connection with its endorsement of candidates for public offices.

10. Since 1979, Alliance has continuously used the ALLIANCE FOR GOOD GOVERNMENT SINCE 1967 composite mark, at right, in interstate commerce in connection with its endorsement of candidates for public offices.



11. Over several decades of using its ALLIANCE MARKS, Alliance has invested substantial time, money and labor into the development, enhancement, expansion, advertisement, promotion and marketing of the ALLIANCE FOR GOOD GOVERNMENT endorsement brand. As a result of these efforts, the extensive goodwill built up by Alliance, and the high quality of diligence and care employed by Alliance in issuing its endorsements, whenever the public sees an advertisement of an endorsed candidate using the ALLIANCE MARKS, they instantly recognize that the candidate stands for the promotion and defense of honest and open government.

12. Alliance's federal trademark registrations for the ALLIANCE MARKS are valid, subsisting and remain in full force and effect, and evidence Alliance's exclusive right to use the ALLIANCE MARKS in connection with promoting the active engagement of citizens in the selection, election and promotion of public officials. Alliance has the right to sue for and recover damages for infringement of the ALLIANCE MARKS.

13. At no time has Alliance licensed or otherwise authorized Coalition to use any of the ALLIANCE MARKS.

**DEFENDANTS' INFRINGING CONDUCT**

14. Defendant Coalition endorses candidates for public office under the name "Coalition for Better Government" using the logo seen below (the "Coalition Logo").



15. Coalition's mark and the Coalition Logo create a likelihood of confusion with the ALLIANCE MARKS.



16. Alliance recently learned that Coalition endorsed at least two judicial candidates in the recent election held in Orleans Parish on March 25, 2017.

17. One of those candidates, Rachael Johnson, is in a run-off election scheduled for April 29, 2017. Rachael Johnson's opponent in the election is Suzanne Montero, who is endorsed by Alliance. The likelihood of confusion in such races is extremely high.

18. Upon learning that Rachael Johnson's campaign was using the infringing Coalition Logo on campaign materials, a representative for Alliance contacted Ms. Johnson's campaign manager to inform the campaign that the Coalition's mark and the Coalition Logo infringed upon the ALLIANCE MARKS and to request that the campaign cease and desist use of the Coalition's mark and the Coalition Logo.

19. Ms. Johnson's campaign manager refused to cease and to desist use of the Coalition's mark and the Coalition Logo.

20. Alliance also recently discovered that within the last few weeks Coalition filed two applications to register trademarks with the United States Patent and Trademark Office.

21. On March 17, 2017, Coalition filed an application, U.S. Serial No. 87375772, to register a standard character mark for COALITION FOR BETTER GOVERNMENT.

22. On March 22, 2017, Coalition filed an application, U.S. Serial No. 87375806, to register the composite mark consisting of the Coalition Logo.

23. Coalition has willfully infringed Plaintiff's ALLIANCE MARKS and, despite repeated requests, has refused to stop using confusingly similar designations to endorse political candidates.

24. Coalition's infringing conduct is depriving Alliance of the absolute right to control the quality of the ALLIANCE MARKS. Alliance has spent many years building up enormous goodwill and value associated with the ALLIANCE MARKS, which Coalition is now jeopardizing. Alliance cannot control this goodwill while Coalition continues infringing upon the ALLIANCE MARKS.

25. In addition, Coalition's infringement is damaging Alliance's reputation. Coalition's blatant infringing conduct conveys to the public and to the marketplace that Alliance's intellectual property can be taken advantage of and that its valuable brand can be used in a manner that is detrimental to its business. This damage to Alliance's reputation will not only affect the ALLIANCE MARKS, but will also affect Alliance's business as a whole.

26. Alliance has been and will continue to be damaged by Coalition's activities in an amount that can only be determined through an accounting.

## COUNT I

**(Federal Trademark Infringement Under 15 U.S.C. § 1114)**

27. Plaintiff repeats and reasserts the allegations set forth in paragraphs 1 to 26 as if set forth fully herein.

28. This Count, arising under Section 32 of the Lanham Act, 15 U.S.C. §1114, is for infringement of a federally registered trademark.

29. The trademark registrations for Plaintiff's ALLIANCE MARKS were duly and legally issued and Plaintiff has the right to sue for and recover damages for infringement of the ALLIANCE MARKS.

30. Coalition has endorsed and campaigned for candidates for public office under the name "Coalition for Better Government" using the Coalition Logo, which infringes one or more of the ALLIANCE MARKS. Potential voters are likely to be confused that the endorsements issued by Coalition under the name "Coalition for Better Government" using the Coalition Logo are somehow endorsed by Plaintiff Alliance.

31. Plaintiff has been and will continue to be damaged by Coalition's activities in an amount that can only be determined through an accounting.

32. Coalition has willfully and intentionally infringed Plaintiff's ALLIANCE MARKS and, despite repeated requests, has refused to stop using confusingly similar designations to endorse candidates for public office. Plaintiff is entitled to an award of treble damages against Coalition.

33. Coalition's acts make this an exceptional case, warranting attorney fees and costs.

34. Plaintiff is entitled to an order, preliminarily and permanently enjoining Coalition from further use of the "Coalition for Better Government" designation, the Coalition Logo, or any confusingly similar mark in connection with its political endorsements and related activites.

## COUNT II

**(Federal Trademark Counterfeiting Under 15 U.S.C. § 1114)**

35. Plaintiff repeats and reasserts the allegations set forth in Paragraphs 1 to 34 as if set forth fully herein.

36. As stated above, Plaintiff owns the exclusive rights in the U.S. registrations for

the ALLIANCE MARKS.

37. Coalition has knowledge of Plaintiff's rights in the U.S. registrations for the ALLIANCE MARKS.

38. Without Plaintiff's authorization or consent, Coalition has used designations substantially similar to the ALLIANCE MARKS to offer and advertise services identical to those offered by Plaintiff. As a result, Coalition has engaged in trademark counterfeiting in violation of 15 U.S.C. § 1114.

39. Coalition's use of designations identical or substantially indistinguishable from the registered ALLIANCE MARKS in connection with identical services is likely to cause and is causing confusion, mistake, and deception among consumers as to the origin of Coalition's services, and is likely to deceive the public into believing the services being offered by Coalition originate from, are associated with, or are otherwise authorized by Plaintiff, all to the damage and detriment of Plaintiff's reputation and goodwill.

40. Coalition's acts have occurred in interstate commerce and have caused, and unless restrained by the Court will continue to cause, serious and irreparable injury to Plaintiff, for which Plaintiff has no adequate remedy at law.

## COUNT III

**(Federal Trademark Dilution Under 15 U.S.C. § 1125(c))**

41. Plaintiff repeats and reasserts the allegations set forth in Paragraphs 1 to 40 as if set forth fully herein.

42. As a result of the duration, extent, and geographic reach of Plaintiff's use of the ALLIANCE MARKS, and the publicity and advertising associated with the ALLIANCE MARKS, the ALLIANCE MARKS have achieved an extensive degree of distinctiveness and are

famous marks under the Lanham Act, 15 U.S.C. § 1125(c). The ALLIANCE MARKS are widely-recognized by the consuming public as a designation of source of Plaintiff's services.

43. Coalition began using the designation that is identical or substantially indistinguishable to the ALLIANCE MARKS in interstate commerce in connection with Coalition's services long after the ALLIANCE MARKS became famous and distinctive.

44. Coalition's use of the designation that is identical or substantially indistinguishable to the ALLIANCE MARKS dilutes, or is likely to dilute, by blurring the distinctive quality of the famous ALLIANCE MARKS and by tarnishing the reputation of Plaintiff and the ALLIANCE MARKS under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

45. These acts have caused, and unless restrained by the Court will continue to cause, serious and irreparable injury to Plaintiff, for which Plaintiff has no adequate remedy at law.

## COUNT IV

**(Unfair Competition and False Designation of Origin Under 15 U.S.C. § 1125(a))**

46. Plaintiff repeats and reasserts the allegations set forth in paragraphs 1 to 45 as if set forth fully herein.

47. This Count, arising under Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a), is for federal unfair competition and false designation of origin.

48. Plaintiff's ALLIANCE MARKS have become uniquely associated with Alliance, and identify Alliance's goods and services to the public.

49. Coalition's use, and threatened continued use, of a confusingly similar mark, in connection with the sale of barbeque restaurant services and goods, constitutes unfair

competition, and false designations of origin as to the goods and services sold by and on behalf of Coalition and comprise false and misleading representations.

50. As a direct and proximate result of Coalition's false designations of origin and false and misleading representations, Alliance has been damaged, and unless Coalition is restrained by this Court, Alliance will continue to suffer serious, irreparable injury.

51. Plaintiff is entitled to recover from Coalition all damages sustained as a result of its acts. Alliance is unable to ascertain, at present, the full extent of the monetary damages it has suffered.

52. Coalition's conduct was intentional and Plaintiff is entitled to an award of treble damages against Coalition.

53. Plaintiff is entitled to an order preliminarily and permanently enjoining Coalition from further acts of unfair competition, false designations of origin, and false and misleading representations.

54. Coalition acts make this an exceptional case, warranting attorney fees and costs.

## COUNT V

**(Injury to Business Reputation and Trademark Dilution under La.R.S. § 51:223.1)**

55. Plaintiff repeats and reasserts the allegations set forth in paragraphs 1 to 54 as if set forth fully herein.

56. This Count, arising under LA. REV. STAT. § 51:223.1, is for injury to business reputation, and trademark dilution.

57. Coalition's use, and threatened continued use, of the confusingly similar trademark has injured, or is likely to injure, Alliance's business reputation, and has diluted, or will dilute, the distinctive character of Plaintiff's ALLIANCE MARKS, through blurring and/or

tarnishment.  Unless enjoined, Coalition's conduct will cause Alliance further irreparable harm, and Alliance is entitled to injunctive relief.

## COUNT VI

### (Unfair Trade Practices Under La.R.S. § 51:1401, *et seq.*)

58. Plaintiff repeats and reasserts the allegations set forth in paragraphs 1 to 57 as if set forth fully herein.

59. This Count, arising under LA. REV. STAT. § 51:1401 et seq., is for unfair methods of competition and unfair and deceptive acts or practices.

60. Coalition's activities comprise unfair methods of competition, and unfair and deceptive acts and practices in the conduct of trade and commerce, in violation of LA. REV. STAT. § 51:1405.

61. Pursuant to LA. REV. STAT. § 51:1409, Alliance is entitled to recover from Coalition, all actual damages sustained by Plaintiff as a result of Coalition's acts. Alliance is unable to ascertain, at present, the full extent of the monetary damages it has suffered.

62. Unless enjoined, Coalition's unfair methods of competition, and unfair and deceptive acts and practices will cause Plaintiff further irreparable harm, and Plaintiff is entitled to injunctive relief.

## PRAYER FOR RELIEF

63. An injunction against continued infringement of the ALLIANCE MARKS by Coalition and all persons operating in concert with Coalition;

64. Cancellation of Coalition's applications (U.S. Serial No. 87375806 and U.S. Serial No. 87375772) to register infringing trademarks with the United States patent and Trademark Office.

65. An accounting for and award of damages resulting from Coalition's sale, offer for sale and marketing of its infringing goods and services;

66. An award of treble damages against Coalition;

67. An assessment of interest on the damages;

68. An award of Plaintiff's costs, expenses and attorney fees in this action; and,

69. Such other and further relief as the Court deems appropriate.

DATED this 19th day of April, 2017.

Respectfully submitted,

/s/ Gregory D. Latham
Gregory D. Latham, LA Bar No. 25955
Richard T. Sahuc, LA Bar No. 29668
INTELLECTUAL PROPERTY CONSULTING, LLC
334 Carondelet Street, Suite B
New Orleans, LA 70130
Telephone: (504) 322-7166
Facsimile: (504) 322-7184
glatham@iplawconsulting.com
rsahuc@iplawconsulting.com

*Attorneys for Alliance for Good Government.*