UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ALLIANCE FOR GOOD GOVERNMENT                CIVIL ACTION

VERSUS                                      No. 17-3679

COALITION FOR BETTER                        SECTION: "J"(2)
GOVERNMENT

### AMENDED ORDER AND REASONS[*]

Before the Court is Alliance for Good Government's ("Alliance") *Motion for Attorney's Fees* **(Rec. Doc. 61)** and Coalition for Better Government's ("Coalition") related *Motion to Strike* **(Rec. Doc. 64)**. Both sides were allowed opportunity to file opposition and reply memoranda regarding each of these motions and did so. Having considered the motions, memoranda, and the applicable law, the Court finds that Alliance's motion should be **GRANTED** and Coalition's motion should be **DENIED**.

### FACTS AND PROCEDURAL HISTORY

This case arises from a trademark dispute between two non-profit political companies, Alliance and Coalition. Both entities used their marks ("Alliance Marks" and "Coalition Marks," respectively) or allowed their marks to be used as an indication of endorsement of a particular political candidate. As Coalition's

---

[*] This Amended Order only corrects a typographical error in this Court's Order and Reasons granting attorney's fees (Rec. Doc. 82). At one point in its Order the Court itself mistakenly confused Parties' names.

counsel admitted during oral argument, Alliance is the senior trademark holder to its mark.

In 2016, Coalition used the Coalition Marks to endorse several political candidates. Alliance filed a complaint alleging among other claims, that Coalition had infringed its trademark under the Lanham Act, 15 U.S.C. § 1114. Coalition responded with its own counterclaim, motion to dismiss, and motion for summary judgment. On October 11, 2017, the Court heard oral argument on the parties' cross-motions for summary judgment.

At the hearing the Court ruled from the bench that Plaintiff was entitled to summary judgment for trademark infringement under 15 U.S.C. § 1114. The Court found that despite Coalition's assertions that one mark featured a "hawk" and the other an "eagle," the birds that formed the centerpiece of each mark were virtually identical, if not exactly. The Court further found that the only discernable difference in the marks was that "Coalition" was substituted for "Alliance" and that "better" was substituted for "good," each being a synonym for the word it replaced. The Court subsequently entered its written judgment granting an injunction against Coalition's use of the Coalition Marks or any other similar marks likely to give rise to confusion and dismissed all other claims.

Following final judgment, Plaintiff motioned for attorney's fees. Defendant in turn motioned to strike language from

Plaintiff's motion and in opposition, requested the Court bifurcate the determination of whether to grant fees from the calculation of amount of fees and requested a hearing to determine the amount in fees through oral testimony.

**PARTIES' ARGUMENTS**

Plaintiff requests sixty-eight thousand two hundred thirty-seven dollars and twenty-five cents ($68,237.25) in attorney's fees pursuant to section 1117(a) of the Lanham Act. Plaintiff argues that this case meets the bar for "exceptional" in the plain-meaning sense: this case stands out from others. Plaintiff further argues it wins on two independent grounds: the (1) strength of its litigating position against defendant and (2) the unsuccessful party's unreasonable litigation of the case.

In support of its argument, Plaintiff claims that Coalition unnecessarily expanded the litigation by (1) filing baseless motions to dismiss and (2) counterclaims, (3) motioning for summary judgment without record evidence, (4) issuing redundant subpoenas, and (5) unreasonably refusing to postpone depositions. Alliance further maintains that it had an exceptionally strong case and that Defendant did all of the above not with a reasonable expectation of succeeding on the merits, but instead with the hope of bankrupting Plaintiff with a deluge of court and attorney's fees.

3

In support of its accusation, Alliance notes that as a non-profit its funding was a matter of public record and prior to litigation, its available funds were listed at only $31,275. Coalition's lead counsel (also its president and director) on the other hand, "earns millions of dollars as a highly successful plaintiff's attorney as well as from significant real estate holdings." Alliance attached the state court decision that was the basis for this statement regarding Coalition's lead counsel's income to its Motion.

Coalition takes exception to all of Alliance's accusations, but particularly the quoted language above. Coalition claims that this egregious conduct—Alliance's paraphrasing of the public state court decision—will harm Coalition's lead counsel's reputation by being a part of this matter's public record.

## **LEGAL STANDARD**

Attorney's fees are not normally granted to the winner in the American system, but the Lanham Act specifically provides, "The court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). "Exceptional" is to be given its plain-meaning: "'out of the ordinary course,' 'unusual,' or 'special.'" *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756-57 (2014) (quoting 3 Oxford English Dictionary 374 (1933)). It does not mean "bad faith," because the "long-established American common-law rule already provides an

4

award in such an instance" and it would therefore render Congress's decision to include a fee-switching provision in the Lanham Act superfluous. *Baker v. DeShong*, 821 F.3d 620, 624 (5th Cir. 2016).

Rather, our Circuit has adopted a disjunctive standard: "an exceptional case is one where (1) in considering both governing law and the facts of the case, the case stands out from others with respect to the substantive strength of a party's litigation position; or (2) the unsuccessful party has litigated the case in an unreasonable manner." *Id.* (citing *Octane Fitness*, 134 S. Ct. at 1756). The Court looks to the totality of the circumstances to determine the appropriateness of fee-switching. *Octane Fitness*, 134 S. Ct. at 1756.[1]

**DISCUSSION**

**I.**

The Court is persuaded that Plaintiff is entitled to attorney's fees under both grounds. First, this case stands out due to the strength of Alliance's litigation position. Alliance adopted the senior mark least 15 years prior to Coalition. The centerpiece of both the Alliance Mark and the Coalition Mark is a bird of prey. It makes no difference whether the bird is characterized as a "hawk" or an "eagle," what is important is that

---

[1] Furthermore, this Court is free to consider a number of non-exclusive factors in determining whether to provide fees, "including frivolousness, motivation, [and] objective unreasonableness." *Baker*, 821 F.3d at 624.

5

the centerpiece of the two marks appears identical to the naked eye. Although the names of the entities on the respective marks are technically different, they are substantially the same so that the substitution of "Coalition" in the place of "Alliance" and "better" in the place of "good" does little to distinguish the junior mark from the senior. Furthermore, (1) the Alliance mark is very strong, (2) the "product" of Alliance and Coalition is the same, (3) as are the parties' advertising channels, (4) as well as their "customers." The likelihood of confusion is so great that it would appear that customer confusion was Coalition's motivation for adopting the Coalition Mark.

It is true that Coalition asserted a laches defense, but Coalition could not muster any credible evidence to support this affirmative defense at the summary judgment hearing. *Cf. Ballero v. 727 Inc.*, CV 16-16098, 2018 WL 733215, at *2 (E.D. La. Feb. 6, 2018) ("The substantive weakness of Plaintiff's case was not remarkable; Plaintiff was able to develop some facts to support his argument that he did not abandon the . . . trademark."). Thus, the Court finds this to be an exceptional case of infringement to which there was no credible defense.

Second, Coalition has litigated this case in an unreasonable manner. The Court finds merit in Alliance's assertion that is was forced to devote its resources fighting baseless motions and counterclaims. Coalition's argument for summary judgment by virtue

6

of a laches defense—unsupported by any evidence other than a bare bones affidavit—is but one example of Coalition's unreasonable trial tactics. Coalition also filed a counterclaim without any actionable conduct (Rec. Doc. 23). And it also filed a meritless motion to dismiss (Rec. Doc. 20) two weeks before filing its summary judgment motion, rendering the former moot. The Court also finds Coalition's behavior in discovery unreasonable; for example, Coalition's refusal to postpone depositions following this Court's summary judgment finding for Alliance, thereby necessitating a protective order (Rec. Doc. 48).

Examining the totality of the circumstances this case qualifies as "exceptional." The obvious confusion that would result between the marks combined with Coalition's counsel's aggressive motion practice, and Coalition's president/director/counsel's non-credible attempts to distinguish the marks at the summary judgment hearing, bring Coalition's motivations into serious question. *See Vital Pharm., Inc. v. Am. Body Bldg. Products, LLC*, 510 F. Supp. 2d 1043, 1049 (S.D. Fla. 2007) (finding that Plaintiff's CEO's evasive, non-convincing testimony confirmed the court's belief that litigation was initiated in bad faith). The Court however, reserves determination as to whether Coalition has litigated in bad faith, as such a finding is clearly unnecessary under the *Octane Fitness* standard. *Baker*, 821 F.3d at 622.

**II.**

The Court must now determine the appropriate amount in fees. As a preliminary matter, the Court finds that it would be an unnecessary and wasteful act to grant Coalition's request to bifurcate determination of whether to grant fees and the calculation of the amount in fees. The Court likewise finds it is unnecessary to take the unusual action of deriving fee amounts through oral testimony. The Court notes that since it finds fee-switching is warranted, any additional expense to determine fee amounts through hearings would be borne at Coalition's expense.

In calculating the appropriate fee, "the 'lodestar' calculation is the most useful starting point." *Who Dat Yat Chat, LLC v. Who Dat, Inc.*, 838 F. Supp. 2d 516, 518 (E.D. La. 2012) (quotation omitted). That is, "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). The lodestar determination is presumed reasonable, but may be adjusted upward or downward depending on the weight the Court allots to the various factors elucidated in *Johnson v. Georgia Hwy. Exp., Inc.*, 488 F.2d 714, 717 (5th Cir. 1974). Alliance, as the party requesting fees, bears the burden in establishing the reasonableness of the fees it requests by submitting adequate documentation—namely time records and affidavits. *Who Dat Yat Chat,* LLC, 838 F. Supp. 2d at 518.

Alliance requests $68,237.25 in attorney's fees. This fee amount is derived from the fees Alliance had already incurred at the time of filing its motion with the addition of $4,800 in *anticipated* fees that Alliance expected would be incurred in replying to Coalition's expected opposition. Alliance in fact subsequently filed a motion in opposition (Rec. Doc. 69) to Coalition's Motion to Strike as well as a reply memorandum (Rec. Doc. 78) to Coalition's opposition to Alliance's motion for attorney's fees.

According to Alliance's supporting affidavit (Rec. Doc. 61-2), Mr. Sahuc, an attorney with 15-years-experience in complex litigation, charged a rate of $225.00 per hour, an 18% discount from his typical fee. Mr. Latham, an attorney with 20-years-experience in trademark litigation, billed Alliance at $285.00 per hour, a 26% deduction from his undiscounted rate. Ms. Wiebelt's paralegal services were billed at $95.00 per hour. The Court is convinced that comparison of these rates with those allowed by this Court in other trademark matters are sufficient evidence to establish the reasonableness of the rates incurred. *See id.* at 520 (finding that $325 per hour for an attorney with 28 years' experience, $250 for an attorney with 16 years' experience, $200 per hour for attorneys with 10 and 9 years' experience respectively, and $175 per hour for attorneys with 4 and 3 years' experience respectively were reasonable); *see also Bd. of*

9

*Supervisors of La. State Univ. v. Smack Apparel Co.*, 2009 U.S. Dist. LEXIS 27652 (E.D. La. April 2, 2009) (finding that $325 was a reasonable hourly rate for an attorney with 10 years' experience in trademark litigation and for an attorney with 20 years of unspecialized legal experience).

Furthermore, a review of the time sheets (Rec. Doc. 61-3) submitted with Alliance's motion reveal the proper exercise of "billing judgment." The timesheets demonstrate that the vast majority of the work was performed by a single attorney, Mr. Sahuc. This is not a case where "Parties do not address why *six attorneys* were assigned to this one motion to compel." *Who Dat Yat Chat, LLC*, 838 F. Supp. 2d at 521 (emphasis original).

Furthermore, the Court finds that $4,800 estimate to be a reasonable addition to the fees that were already incurred by Alliance, especially because that estimate does not appear to anticipate Coalition's Motion to Strike, and the reply memorandum that Alliance drafted and filed in response. In any case, the Court finds that the amount of $68,237.25 is appropriate, given consideration of the *Johnson* factors.

## CONCLUSION

Accordingly,

**IT IS ORDERED** that Alliance's *Motion for Attorney's Fees* **(Rec. Doc. 61)** is hereby **GRANTED** and Alliance is awarded $68,237.25 in attorney's fees.

**IT IS FURTHER ORDERED** that Coalition's *Motion to Strike* **(Rec. Doc. 64)** is hereby **DENIED**.

New Orleans, Louisiana this 26th day of June, 2018.

                                            CARL J. BARBIER
                                            UNITED STATES DISTRICT JUDGE